IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**KENTRELL MORDECAI BEAMER # 378606**                      **PLAINTIFF**

**VERSUS**                      **CIVIL ACTION NO. 1:14cv348-LG-RHW**

**CITY OF GULFPORT, MISSISSIPPI
and OFFICER REYNOLDS**                      **DEFENDANTS**

### REPORT AND RECOMMENDATION

Before the Court is [22] Defendants' December 4, 2014 motion to dismiss pursuant to FED.R.CIV.P. 12. Although Plaintiff has filed no response to the motion, because it is a dispositive motion, the undersigned considers it on the merits.

### Procedural History and Facts

On September 10, 2014, the *pro se* Plaintiff, Kentrell Mordecai Beamer, filed this lawsuit pursuant to 42 U.S.C.A § 1983, against the Gulfport Police Department. The complaint alleges the arresting officer used excessive force which resulted in Beamer's sustaining a broken mandible "while [he] was handcuffed face down flat not resisting arrest." [1, p. 4] By Order [6] entered September 17, 2014, the Court advised Beamer that a police department is an extension of the city, not a separate legal entity which may be sued,[1] and ordered him to respond in writing by October 1, 2014 to: (1) state whether he is suing the City of Gulfport, and if so, how the City violated his constitutional rights, (2) provide the name and address of the person he claims used excessive force against him and explain how he/she did so, and (3) provide the name and address of each person he claims violated his constitutional rights and explain how he/she did so. As it

---

[1] The Court dismissed Gulfport Police Department as a defendant by order [11] entered October 8, 2014.

had done in previous orders,[2] the Court warned Beamer in Order [6], that failure to respond to any order of the Court might result in dismissal of his case.

On September 30, 2014, Beamer filed [7] an unsigned document[3] in response to Order [6], stating he was suing the City "for employing an office (*sic*) of the law who violated [his] civil rights," under the Fourth, Eighth and Fourteenth Amendments.  Beamer claimed that the officer went beyond his duty to serve, protect and uphold the law by placing Beamer under arrest and causing him harm, *i.e.*, a broken mandible.  In document [7], Beamer also identified the officer by surname (Reynolds), and gave the only address he knew which was where Reynolds worked.  Beamer alleged in [7] that on June 23, 2014, law enforcement officers began pursuing him, culminating in Beamer's "crashing [his] vehical (*sic*) into a wall on Hwy 90."  Beamer continued:

> I jumped out of the vehical (*sic*) and began to flee when officer Reynolds gives chase and verbally commands me to stop or he would taze me.  I kept fleeing and was almost run over by another officer when I was hit in the back of the head by officer Reynolds tazer.  I was being handcuffed not resisting while the officer was on my back yelling stop resisting.  After being handcuff (*sic*) the officer (Reynolds) takes my head and smashes my face against the asphalt.  He lifts me up, frist (*sic*) me while I'm profusly (*sic*) bleeding and tells another officer that my bleeding was from the accident.  I'm telling other officers that he has broken my jaw and I'm then placed in the back of a patrol car.

Beamer further alleged he was soon taken out of the patrol car to be assessed by EMTs, taken to Biloxi Regional hospital, then taken by ambulance to LSU in New Orleans where a surgeon told him his jaw was broken in five places.  He was provided a voucher for taxi and bus fare to return to Gulfport on June 28, 2014.  He alleges in both his complaint and in [7] that he was unaware he had pending charges in Mississippi until July 11, 2014 when he went to jail in Moss Point,

---

[2] See Order [3] entered September 10, 2014, and Order [5] entered September 17, 2015.

[3] Beamer later provided [9] an executed signature page for document [7].

Mississippi, where he was notified of his charge of fleeing or eluding. Beamer seeks relief for "pain & suffering, mental & physical anguish enduring a broken mandible, punitive damages as well as medical expenses;" he asks the court to "consider dropping the charges against him because of the officers conduct in [his] arrest" and requests that the officer be fired and charged with assault. [1, pp. 4-5]

Standard of Review

A Rule 12(b)(6), FED.R.CIV.P. motion to dismiss "is viewed with disfavor and is rarely granted." *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982). Under Rule 8(a), FED.R.CIV.P., a pleading that states a claim for relief must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and th claim needs no new jurisdictional support;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Rule 8(a)(2) requires only that the pleading "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The Court's analysis is "generally confined to a review of the complaint and its proper attachments." *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent

>  with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (quoting *Twombly*, 550 U.S. at 556-57, 570).

While detailed factual allegations are not required, when a complaint is challenged under Rule 12(b)(6) a plaintiff must provide "grounds" for his "entitlement to relief," which requires more than mere labels, conclusions or formulaic recitations of the elements of a cause of action. *Twombly*, 550 U.S. at 556. "Factual allegations must be enough to raise a right to relief above the speculative level..." *Id.* "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.*, at 563. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that recovery is very remote and unlikely.'" *Id.*, at 556.

## Discussion

Noting that pleadings of *pro se* litigants are not held to standards as stringent as the formal pleadings of attorneys, the Court stated in *Cook v. Whiteside*, 505 F.2d 32, 34 (5th Cir. 1974), that "a § 1983 complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." (citing *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). While the standard may be stringent, it is not insurmountable.

The only allegation Beamer has made against the City of Gulfport is that the City employed Officer Reynolds. The City correctly argues that § 1983 liability may not be imposed on a government entity on a theory of *respondeat superior* for the actions of government employees; a city is liable only where alleged unconstitutional activity results from its official policy. *Johnson v. Moore*, 958 F.2d 92, 93 (5th Cir. 1992) (citing *Monell v. Department of Social*

*Services*, 436 U.S. 658, 690-94 (1978)).  Beamer has alleged no such facts.  The mere fact that Reynolds was a City employee provides no basis for § 1983 liability on the part of the City.

## RECOMMENDATION

The undersigned recommends that the motion to dismiss be granted, and as to the City of Gulfport that this case be dismissed for failure to state a claim upon which relief can be granted.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Under Rule 72(a)(3), *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, a party has 14 days after being served a copy of this Report and Recommendation to serve and file written objections to the Report and Recommendation.  A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned District Judge.  Within seven days of service of the objection, the opposing party must either serve and file a response or notify the District Judge that he does not intend to respond to the objection.  An objecting party must specifically identify the findings, conclusions, and recommendations to which he/she objects; the District Court need not consider frivolous, conclusive, or general objections.  A party who fails to file written objections to the proposed findings, conclusions, and recommendations within 14 days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he/she did not object.  *Douglass v. United Services Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Signed, this the 21st day of May, 2015.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE