IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**KENTRELL MORDECAI BEAMER**                        **PLAINTIFF**

v.                                        **CAUSE NO. 1:14CV348-LG-RHW**

**CITY OF GULFPORT, MISSISSIPPI, and**
**OFFICER UNKNOWN REYNOLDS**                        **DEFENDANTS**

<u>**ORDER ADOPTING REPORT AND RECOMMENDATION**</u>
<u>**AND GRANTING MOTION TO DISMISS**</u>

**BEFORE THE COURT** is the Report and Recommendation [27] entered by United States Magistrate Judge Robert H. Walker, in which he recommends that the Motion to Dismiss [22] filed by the City of Gulfport, Mississippi, should be granted. Kentrell Mordecai Beamer did not file an objection to the Report and Recommendation. After reviewing the record in this matter and the applicable law, the Court finds that the Report and Recommendation should be adopted as the opinion of this Court, and the Motion to Dismiss filed by the City of Gulfport should be granted.

**DISCUSSION**

On September 10, 2014, Beamer filed a Complaint against the Gulfport Police Department. He alleged that an officer employed by the Gulfport Police Department used excessive force and injured him during an arrest. Judge Walker entered an Order notifying Beamer that the Gulfport Police Department "is not a separate legal entity which may be sued, rather it is an extension of the city." (Order at 1, ECF No. 6). Judge Walker required Beamer to submit a response to the Order and notify the Court whether he intended to sue the City of Gulfport, and

if so, to explain how it violated his constitutional rights. (*Id.*) Beamer was also ordered to identify the officer who allegedly used excessive force. (*Id.*) In his Response to the Order, Beamer stated that he is "suing the City of Gulfport, for employing an office [sic] of the law who violated [his] civil rights." (Response at 1, ECF No. 7). Beamer further stated that the officer in question is named Reynolds. (*Id.* at 2). As a result, Officer Reynolds and the City of Gulfport were added as defendants, and the Gulfport Police Department was dismissed. (Orders, ECF Nos. 10, 11).

The City of Gulfport filed a Motion to Dismiss, asserting that Beamer's claims should be dismissed as to the City pursuant to Fed. R. Civ. P. 12. Beamer did not file a response in opposition to the Motion. Judge Walker entered a Report and Recommendation, recommending that the Motion to Dismiss should be granted and Beamer's claims filed against the City of Gulfport should be dismissed. The initial copy of the Report and Recommendation that was mailed to Beamer was returned as undeliverable. The Court searched the Mississippi Department of Corrections website and determined that Beamer had been transferred to another facility. As a result, an additional copy of the Report and Recommendation was mailed to Beamer at his new address. Beamer filed a Motion seeking additional time to file an objection to the Report and Recommendation, which was granted by an Order [32] entered on June 23, 2015. Beamer's deadline for filing an objection was extended to July 8, 2015. The Court attempted to mail a copy of this Order to Beamer at his last known address, but the Order was returned as undeliverable.

Although Beamer has repeatedly been cautioned that it is his responsibility to keep the Court informed of any change of address, he has repeatedly failed to do so.

The Court has reviewed the Report and Recommendation and finds that it correctly recommends dismissal of Beamer's claim against the City of Gulfport. Beamer stated that he is suing the City of Gulfport, because it employed an officer who allegedly used excessive force. He has not stated any additional grounds for suing the City. "A government entity may not be held liable for the acts of its employees under the theory of respondeat superior." *G.M. ex rel. Lopez v. Shelton*, 595 F. App'x 262, 265 (5th Cir. 2014) (citing *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001)). As a result, Judge Walker correctly found that Beamer's claim against the City of Gulfport should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. The Court finds that this dismissal should be without prejudice. Beamer may request permission to amend his complaint to state a valid claim against the City by filing a motion and a proposed amended complaint within fifteen days of the date of this Order.

## CONCLUSION

For the foregoing reasons, the Court finds that the Report and Recommendation should be adopted as the opinion of this Court, and the Motion to Dismiss filed by the City of Gulfport should be granted. Beamer's claims filed against the City are dismissed without prejudice. He may request permission to amend his complaint to state a valid claim against the City by filing a motion and a

proposed amended complaint within fifteen days of the date of this Order.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Report and Recommendation [27] entered by United States Magistrate Judge Robert H. Walker is **ADOPTED** as the opinion of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that the Motion to Dismiss [22] filed by the City of Gulfport, Mississippi, is **GRANTED**. Beamer's claims against the City of Gulfport are hereby **DISMISSED WITHOUT PREJUDICE**. Beamer may request permission to amend his complaint to state a valid claim against the City by filing a motion and a proposed amended complaint within fifteen days of the date of this Order.

**SO ORDERED AND ADJUDGED** this the 14th day of July, 2015.

s/ *Louis Guirola, Jr.*
Louis Guirola, Jr.
Chief United States District Judge