IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**KENTRELL MORDECAI BEAMER # 378606**                          **PLAINTIFF**

**VERSUS**                        **CIVIL ACTION NO. 1:14cv348-LG-RHW**

**OFFICER REYNOLDS**                                           **DEFENDANT**

## REPORT AND RECOMMENDATION

This case is before the Court for consideration of dismissal for Plaintiff's failure to comply with orders of the Court and to prosecute his lawsuit.

### Procedural History and Facts

Kentrell Mordecai Beamer filed this 42 U.S.C. § 1983 lawsuit on September 10, 2014 against the Gulfport Police Department, alleging a Gulfport police officer used excessive force while effecting Beamer's arrest on June 23, 2014. Beamer's pleadings state he fled from officers in a car chase which culminated in his crashing his car into a wall on Highway 90 in Gulfport, following which Beamer leapt from the car and fled on foot from pursuing officers, who ultimately used a taser to capture him. During these events, Beamer sustained a broken jaw.

After advising advised Beamer that a police department is not a separate legal entity which may be sued, the Court ordered him to respond in writing to: (1) state whether he is suing the City of Gulfport, and if so, how the City violated his constitutional rights, (2) provide the name and address of the person he claims used excessive force against him and explain how such person did so, and (3) provide the name and address of each person he claims violated his constitutional rights and explain how such person did so. [6] Beamer filed an unsigned response to the order September 30, 2014, stating he was suing the City "for employing an office (*sic*) of

the law who violated [his] civil rights," under the Fourth, Eighth and Fourteenth Amendments. Beamer alleged the officer went beyond his duty to serve, protect and uphold the law by placing Beamer under arrest and causing him harm, *i.e.*, a broken jaw. Beamer identified the officer by surname (Reynolds), and gave the Gulfport Police Department as Reynolds' address. [7] The Court dismissed Gulfport Police Department as a defendant on October 8, 2014, and ordered process issued for the City of Gulfport and Officer Reynolds the following day. [11], [12] Summonses immediately issued [13], and were returned executed on November 20, 2014 [19], albeit the actual returns show that both summonses were served on Scott Wilson, City Comptroller, who is authorized to accept service for the City, but not for Officer Reynolds.

On December 4, 2014, the City moved to dismiss the complaint filed against it for failure to state a claim. [22] Beamer filed no response to the motion, and on May 21, 2015, the undersigned issued [27] a Report and Recommendation recommending dismissal of Beamer's claim against the City for failure to state a claim upon which relief can be granted. The Court mailed a copy of the Report and Recommendation to Beamer at his address of record via certified mail, return receipt requested. The mail was returned undeliverable on May 28, 2015.[1] [29] Beamer filed no objections to the Report and Recommendation within the time allowed. However, before ruling on the Report and Recommendation, the District Judge mailed an additional copy of it to another jail address although Beamer had not submitted a change of address to that facility.[2] Beamer moved for additional time to respond to the Report and Recommendation on June 22, 2015. [31] The Court granted that motion by order [32] entered

---

[1] This marked the fifth time mail sent to Beamer had been returned undeliverable. See [14], [17], [18], [28].

[2] On November 7, 2014, Beamer filed [15] the only change of address he has ever submitted since filing this lawsuit over a year ago. Mail sent to the new address has been returned undeliverable five times. See [17], [18], [28], [29] and [34].

on June 23, 2015, but Beamer's copy of that order was returned undeliverable on July 6, 2015. [34]  Beamer never filed any response to the Report and Recommendation, and on July 14, 2015, the District Judge granted the City's motion to dismiss, adopted the Report and Recommendation and dismissed Beamer's claims against the City of Gulfport.  [35]  That order allowed Beamer fifteen days within which to file a motion for leave to amend his complaint to attempt to state a claim against the City.  Beamer filed nothing.

In the interim, on May 15, 2015 the undersigned had ordered re-issuance of process for Officer Reynolds, to be served on Reynolds at the address provided by Plaintiff, the Gulfport Police Department.  [25][3]  The summons was re-issued on May 18, 2015 [26], and returned executed on June 19, 2015, although the return shows it was actually served on "Linda Elias, who is designated by law to accept service of process on behalf of Gulfport Police Department, City of Gulfport."  [30]  By special appearance on July 17, 2015, Reynolds moved to quash defective service of process and to dismiss the case against him for Plaintiff's failure to serve the complaint within the time allowed by the Rules.[4]  Beamer filed no response to these motions, and on October 9, 2015, the undersigned entered an order quashing the process received by Elias as purported service of process on Reynolds.  The undersigned took under advisement the motion to dismiss the case against Reynolds to allow Beamer one last opportunity to provide an address where Officer Reynolds can be personally served with process.  Specifically, the Court ordered:

> if [Beamer] is suing Officer Reynolds in his individual capacity, Beamer shall **no later than October 26, 2015** provide the Court an address where Officer Reynolds may be served with process.  Should Beamer fail to comply with this

---

[3] Beamer's copy of this order was returned undeliverable on May 28, 2015. [28]

[4] "If a defendant is not served within 120 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time." FED.R.CIV.P. 4(m).

order, the undersigned will recommend that his lawsuit be dismissed. (emphasis in original)

[37] Beamer filed no response to the order, and the copy of the order mailed to him was returned undeliverable on October 27, 2015. [38] Beamer has taken no action in this case since moving for additional time to respond to the Report and Recommendation on June 22, 2015.

In addition to the foregoing, the Court notes that Beamer has not kept the Court apprised of his address despite the Court's repeated warnings that his case might be dismissed should he fail to do so.[5] Since the September 10, 2014 filing of this lawsuit, mail sent to Beamer by the Court has seven times been returned undeliverable. See [14], [17], [18], [28], [29], [34], [38]. Finally, Beamer's conduct during the course of the litigation demonstrates a lack of interest in his lawsuit: he failed to respond to the City's motion to dismiss [22]; he failed to respond to Reynolds' motion to quash service of process and dismiss [33]; he failed to object to the Report and Recommendation recommending dismissal despite being granted additional time to do so [27]; and he failed to take advantage of the Court's order allowing him additional time to move to amend his complaint to state a claim [35].

## RECOMMENDATION

In light of the foregoing, the undersigned recommends that this lawsuit be dismissed for Beamer's failure to comply with the Court's orders and/or failure to prosecute his case.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Under Rule 72(a)(3), *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, a party

---

[5] See Order [3] entered September 10, 2014; Order [5] entered September 17, 2014; Order [6] entered September 17, 2014; order [8] entered September 30, 2014; Order [12] entered October 9, 2014; Order [21] entered December 2, 2014; Order [25] entered May 15, 2015.

has 14 days after being served a copy of this Report and Recommendation to serve and file written objections to the Report and Recommendation. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned District Judge. Within seven days of service of the objection, the opposing party must either serve and file a response or notify the District Judge that he does not intend to respond to the objection. An objecting party must specifically identify the findings, conclusions, and recommendations to which he/she objects; the District Court need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within 14 days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he/she did not object. *Douglass v. United Services Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Signed, this the 28th day of October, 2015.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE